■ Daniel S. Vogel et al., Appellants, v Martos Development, LLC, et al., Respondents. [13 NYS3d 48]—Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 9, 2014, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff Daniel Vogel fainted and struck his head against the "ledge" separating the shower stall from the rest of his bathroom, sustaining lacerations to his forehead, face and cor-

nea. Defendants tiled the ledge during renovation work on plaintiff's apartment. Plaintiff, with his wife proceeding derivatively, commenced this action against defendants, alleging that they negligently constructed the shower ledge with a sharp edge.

An issue of fact exists as to whether defendants' negligence was a proximate cause of plaintiff's injuries. A jury could find that plaintiff's fainting and cutting himself on the sharp edge of the ledge was a foreseeable, normal, and natural result of the risk created by defendants' negligence (see *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316 [1980]; *Clindinin v New York City Hous. Auth.*, 117 AD3d 628, 629 [1st Dept 2014]; *Pagan v Goldberger*, 51 AD2d 508, 512 [2d Dept 1976]).

Given the evidence of defendant Santiago Martos's participation in deciding whether a border was needed on the ledge, he may be held individually liable, regardless of whether he was acting solely in his capacity as an officer of defendant corporation (see *Peguero v 601 Realty Corp.*, 58 AD3d 556, 558 [1st Dept 2009]). Concur—Gonzalez, P.J., Sweeny, Renwick, Saxe and Feinman, JJ.